IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED CORROSION CONTROL, LLC,**   *

   Plaintiff   *

   v.   *   CIVIL NO. JKB-16-1856

**G-W MANAGEMENT**   *
   **SERVICES, LLC,** *et al*,
   Defendants   *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case arises from an action for breach of a contract subject to the Miller Act. (Compl., ECF No. 1.) Pending before the Court is Defendants' joint motion to dismiss for improper venue. (ECF No. 4.) That motion has been fully briefed (ECF Nos. 5, 7), and no hearing is necessary, Local Rule 105.6 (D. Md. 2016).

Defendant G-W Management Services, LLC ("G-W"), won a contract to perform drinking water plant upgrades at Quantico Navy Base in Virginia, subcontracted with Plaintiff to provide the coating to certain tanks, and took out a bond with Defendant Berkley Regional Insurance Company to provide surety. (Compl. ¶¶ 6–8; Subcontract Agreement ¶1, ECF No. 1-1.) The disposition of this motion rests on a single question of law: does the Miller Act invalidate a forum selection clause appearing in a subcontract subject to that Act? The Court concludes it does not. Accordingly, Defendant's motion will be denied.

Generally, courts honor contracting parties' agreement as to choice of venue, so long as doing so is not unreasonable. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010). The Miller Act requires that any entity entering into a contract of more than

$100,000 for the "construction, alteration, or repair of any public building or public work of the Federal Government" must obtain a bond providing surety to the Government and to any subcontractor employed in fulfilling the contract. 40 U.S.C. § 3131(b) (2016). The statute stipulates that a federal lawsuit concerning a subcontract subject to the Miller Act must be filed "in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3)(B) (2016). However, the Supreme Court has stated that this provision "is merely a venue requirement." *F. D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 125 (1974). This observation negates Defendant's implicit argument that the statute's prescription of venue is somehow jurisdictional in nature. Accordingly, appellate courts that have addressed the issue have upheld the validity of forum selection clauses in subcontracts subject to the Miller Act. *United States ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir. 1995) (agreeing with three other circuits that "a valid forum selection clause supersedes the Miller Act's venue provision"); *accord FGS Constructors, Inc. v. Carlow*, 64 F.3d 1230, 1233 (8th Cir. 1995); *United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enterprises, Inc.*, 62 F.3d 35, 36 (1st Cir. 1995); *In re. Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93, 95 (5th Cir. 1979). Defendants cite no contrary authority, nor has the Court found any.

Plaintiff does not allege that any work performed under the subcontract in question took place in the District of Maryland. Nonetheless, the subcontract contains the following clause:

> This subcontract shall be governed by the laws of the State where Contractor has its principal office and any actions or lawsuits arising hereunder to the extent permitted by law shall be brought in the District where Contractor's principal office is located without regard to principles of conflict of laws or forum non-convenience [sic].

(Subcontract Agreement ¶ 36). G-W's principal office is located in Rockville, Maryland. (Compl. ¶ 4.) Thus, venue properly lies in this District pursuant to the subcontract's forum-selection clause. Furthermore, it is not unreasonable to enforce the quoted forum selection clause since Plaintiff is also headquartered in Maryland (Compl. ¶ 3), and G-W concedes that both parties' primary witnesses are located in Maryland (Mot. to Dismiss 2).

For the foregoing reasons, the Court concludes that venue is proper in this District. It is therefore ORDERED:

1. Defendants' motion to dismiss (ECF No. 4) is DENIED; and
2. Defendants SHALL ANSWER in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

DATED this 9th day of November, 2016.

BY THE COURT:

/s/
James K. Bredar
United States District Judge